UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-02804-GHW | Date | January 18, 2017 |
|---|---|---|---|
| Title | *Marilyn Cole v. CVS Pharmacy, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None Present  None Present

**PROCEEDINGS (IN CHAMBERS):**   **ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION; VACATING HEARING ON MOTION TO DISMISS AND SCHEDULING CONFERENCE**

Defendants CVS Pharmacy, Inc. ("CVS"), Kelly Henry ("Henry") and Carthic Yaga ("Yaga") (collectively, "Defendants"), have set for hearing, on January 23, 2017, a motion to dismiss the first cause of action in the Complaint filed by plaintiff Marilyn Cole ("Plaintiff") in Solano County Superior Court on October 13, 2016.[1]  That hearing is vacated, and the Court issues an Order to Show Cause, for the following reasons.

Defendants' motion is based on the assertion that Plaintiff cannot state the first cause of action against Henry and/or Yaga (an employee/supervisor and employee/store manager, respectively, *see* Complaint ¶¶ 3-4), brought for violation of California Labor Code Sections 1102.5 and 6310, because those individuals were not Plaintiff's employer – only CVS was.  But before the Court would be able to assess that argument and rule on its merits, it would have to have subject matter jurisdiction to do so.  A district court must always examine its subject matter jurisdiction, *see United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966-67 (9th Cir. 2004), and here it is the removing party Defendants' burden to demonstrate the existence of such jurisdiction, *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Defendants removed this case to federal court on the basis of diversity jurisdiction.  They did not attempt to demonstrate that Henry and Yaga were diverse from Plaintiff – as would ordinarily be the

---

[1] Following removal to federal court, this action was transferred to this Court's docket on December 19, 2016, as part of an effort to alleviate the overburdened Eastern District of California.  *See* Docket No. 8.

:

Initials of Preparer  JG

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-02804-GHW | Date | January 18, 2017 |
|---|---|---|---|
| Title | *Marilyn Cole v. CVS Pharmacy, Inc., et al.* | | |

requirement, *see Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110, 1112 (9th Cir. 2016) – but instead argued that they were "sham defendants." *See* Notice of Removal ¶¶ 7, 15. In other words, they invoked the "fraudulent joinder" doctrine. *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Unlike when dealing with a simple Rule 12(b)(6) motion, such as the present motion, in the context of fraudulent joinder the failure to state a claim against a non-diverse defendant must be obvious according to the *settled* rules of California. *See id.*; *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

Following a recent amendment (making pre-amendment case law irrelevant to the question here), California Labor Code Section 1102.5 plainly prohibits any employer "or any person acting on behalf of the employer" from retaliating against an employee for disclosing certain types of information to certain types of recipients. Cal. Lab. Code § 1102.5(b). Although Defendants have cited cases in support of their motion concluding, on the merits, that there is no individual civil liability pursuant to California Labor Code § 1102.5, a number of cases indicate that the issue is not yet settled. *See Lewis v. Wells Fargo Bank, N.A.*, No. LA CV 16-7377 PA (RAOx), 2016 WL 7107760, *2 (C.D. Cal. Dec. 5, 2016); *Khan v. Infor (US) Inc.*, SACV 16-00657-CJC (KESx), 2016 WL 3751615, *4 (C.D. Cal. July 13, 2016); *O'Neill v. Grupo Radio Centro LA, LLC*, 2:15-cv-06116-SVW-JC, 2015 WL 6453073, *2-3 (C.D. Cal. Oct. 21, 2015); *De La Torre v. Progress Rail Servs. Corp.*, CV 15-4526 FMO (GJSx), 2015 WL 4607730, *3-4 (C.D. Cal. July 31, 2015). Indeed, a court in this District concluded on July 13, 2016, that the issue is "currently unsettled." *Khan*, 2016 WL 3751615, at *4. From the Court's own research, clarity does not appear to have been achieved in the intervening six months. There appears to still be no post-amendment reported California decision addressing the issue of supervisor/individual liability under Section 1102.5. That there is conflicting case law (or at least a conflict between what case law there is and the plain language of the amended Section 1102.5), without any definitive answer from California courts, strongly suggests that Defendants have not satisfied their burden (which calls for "clear and convincing evidence" of fraudulent joinder, *Hamilton Materials*, 494 F.3d at 1206).

To be clear, this Court does not resolve for itself the question of individual liability under Section 1102.5 (including the merits of Defendants' arguments analogizing the language of Section 1102.5 to other statutes or similar common law claims) unless it first has subject matter jurisdiction to do so, and it cannot have such subject matter jurisdiction where there are even potentially viable claims pled against non-diverse parties. In that respect, decisions addressing Section 1102.5 liability in the context of motions to dismiss (or other similar motions where the fraudulent joinder standard and subject matter jurisdiction are not at issue) and/or decisions addressing Section 1102.5 before its recent amendment have little relevance to the task before the Court. *See Minor v. Fedex Office & Print Servs., Inc.*, 182 F.Supp.3d 966, 972-73, 976, 989-90 (N.D. Cal. Apr. 25, 2016) (analyzing motion to dismiss in case alleging – at time of removal and at time of motion to dismiss – federal claims in addition to Section

:

Initials of Preparer   JG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-02804-GHW | Date | January 18, 2017 |
|---|---|---|---|
| Title | *Marilyn Cole v. CVS Pharmacy, Inc., et al.* | | |

1102.5 claim); *Green v. Cox Commc'ns, Inc.*, No. 15cv94-LAB (DHB), 2016 WL 308591, *1 (S.D. Cal. Jan. 25, 2016) (analyzing motion for leave to amend and "dismissing" the Section 1102.5 claim); *Tillery v. Lollis*, 1:14-cv-02025-KJM-BAM, 2015 WL 4873111, *1, 8-10 (E.D. Cal. Aug. 13, 2015) (analyzing motion to dismiss); *Conner v. Aviation Servs. of Chevron U.S.A.*, 14-cv-02102-JD, 2014 WL 5768727, *1, 5 (N.D. Cal. Nov. 5, 2014) (analyzing motion to dismiss); *San Bernardino City Prof'l Firefighters v. City of San Bernardino*, No. CV 10-1773 PSG (DTBx), 2010 WL 2557226, *3 (C.D. Cal. June 18, 2010) (analyzing pre-amendment Section 1102.5 in context of motion to dismiss); *Vierria v. Cal. Highway Patrol*, 644 F.Supp.2d 1219, 1244 (E.D. Cal. 2009) (analyzing pre-amendment Section 1102.5 in context of motion to dismiss).  As to *Vera v. Con-Way Freight, Inc.*, No. CV 15-874 AJW, 2015 WL 1546178, *1 (C.D. Cal. 2015), this Court believes that non-precedential decision misapplied the fraudulent joinder doctrine (although it also notes that *Vera* was issued *before* all three of the Central District decisions this Court has cited as contributing to/acknowledging the unsettled nature of this issue).

That Plaintiff has filed a non-opposition to Defendants' motion, *see* Docket No. 10, makes no difference to the Court's jurisdictional assessment for at least three reasons.  First, the parties cannot agree to subject matter jurisdiction when none exists.  *See Hajro v. U.S. Citizenship & Immigration Servs.*, 811 F.3d 1086, 1100 n.8 (9th Cir. 2015).  Second, Plaintiff's non-opposition is a non-opposition to the Court dismissing Henry and Yaga *without prejudice*, subject to them being reintroduced in the litigation at a later date should there be a valid reason to do so.  In other words, they ask that the Court reserve the question of whether two non-diverse defendants could be added back into this case – before this Court only on the basis of diversity – in the future.  Third, subject matter jurisdiction – and Defendants' ability to demonstrate fraudulent joinder – is assessed at the time of removal, not at the time of a motion to dismiss (or failure to oppose such a motion).  *See Allen v. F.D.I.C.*, 710 F.3d 978, 984 (9th Cir. 2013).

In light of the foregoing, Defendants must demonstrate not simply that other courts have dismissed Section 1102.5 claims against non-employer individuals, but that the question is "settled" under California law.  They may file a brief in support of that position – if they believe they can support it – by Wednesday, January 25, 2017.  Failure to do so will result in the case being summarily remanded to Solano County Superior Court.  Plaintiff may respond to Defendants' brief, if they file one, by Wednesday, February 1, 2017.  A hearing is set for Monday, February 6, 2017, at 8:30 a.m., to discuss the matter, if the Court does not remand the action before that date.  The Scheduling Conference set for January 30, 2017 is taken off-calendar.

|  | : |
|---|---|
| Initials of Preparer | JG |